In the United States District Court

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER FOR FOOD SAFETY,<br>660 Pennsylvania Ave SE #402<br>Washington, DC 20003 | ) ) ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 21-3201 |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT FOR DECLARATORY** |
| | ) | **AND INJUNCTIVE RELIEF** |
| ENVIRONMENTAL PROTECTION<br>AGENCY,<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460 | ) ) ) ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I.     NATURE OF ACTION

1.     The Center for Food Safety (CFS)—a nonprofit public interest and environmental advocacy organization working to protect public health and the environment—brings this civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, challenging the United States Environmental Protection Agency's (EPA) unlawful withholding of records that pertain to EPA's regulation of crop seeds treated or coated with neonicotinoid chemicals, specifically acetamiprid, clothianidin, imidacloprid, or thiamethoxam.

2.     CFS filed a FOIA request with EPA to gain a better understanding of EPA's authority under the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. § 136, *et seq.*, and whether EPA believes coated seeds are or are not covered under FIFRA. CFS also hoped to gain insight into EPA's interpretation of the Treated Articles Exemption, 40 C.F.R. § 152.25, particularly with regard to its application to coated seeds. The goal of the request was to open the operations and activities of government to public scrutiny and contribute significantly to the public's understanding of the agency's actions.

3.     EPA is violating FOIA by failing to produce records in response to CFS's FOIA request, failing to conduct an adequate search for responsive records, and by failing to provide both an initial determination as to the scope of the records to be produced or withheld, and an estimated date by which the agency's search will be complete.

4.     EPA's unlawful withholding of public records undermines FOIA's basic purpose of government transparency. Because prompt access to these records is necessary to effectuate FOIA's

purpose, CFS seeks declaratory relief establishing that EPA is in violation of FOIA, and injunctive relief directing EPA to provide responsive records without any further delay.

## II.     JURISDICTION AND VENUE

5.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.     Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which expressly provides a venue for FOIA cases in the District Court of the District of Columbia.

7.     Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.     Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## III.     PARTIES

9.     Plaintiff CFS is a national 501(c)(3) nonprofit public interest and environmental advocacy organization that empowers people, supports farmers, and protects the environment from the harms of industrial food production. CFS is a member-oriented non-profit organization with over one million members that works to address the impacts of the food system on public health, animal welfare, and the environment. Through nearly two decades of involvement in public interest and environmental litigation and policymaking as it relates to food, CFS has demonstrated its ability to take technical information provided by government agencies and distill it into a format that is accessible to the public. CFS employs science and policy experts who have analyzed FOIA, other federal environmental laws, and other environmental and scientific reports for their entire careers. CFS puts out reports on a range of food and agricultural topics, including

pesticides, genetically engineered foods, food and feed additives, and other topics that tend to be difficult for the layperson to understand without professional assistance. CFS has been engaged in ongoing efforts to educate our members and the public about the ongoing harms of to public health and the environment from the use of neonicotinoid chemicals on agricultural crops. Further, CFS has previously petitioned EPA to close a regulatory loophole present in the Treated Article Exemption and declare that coated seeds are not exempt from the requirements of FIFRA. EPA has so far not responded to that petition either. CFS and its members are harmed by EPA's violations of FOIA, as such violations preclude CFS from gaining a full understanding of the decision-making process regarding the underlying agency actions, and prevent CFS from disseminating information to the public concerning EPA's oversight and environmental review of coated seeds.

10.     Defendant EPA is an agency within the United States Government. EPA is in possession and control of the records that CFS seeks, and is an agency within the meaning of 5 U.S.C. § 552(f)(1). EPA is therefore subject to FOIA.

## IV.     LEGAL BACKGROUND

11.     The basic purpose of FOIA is to promote government transparency and public oversight of agency action. The statute effectuates this objective by establishing the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b)(1)-(9).

12.     FOIA imposes stringent deadlines on federal agencies with regard to making initial determinations in response to FOIA requests. Within twenty working days of receiving a FOIA request, an agency must determine whether it will release the requested records, and must notify

the requester of its determination, the reasons for its decision, and the requester's right to appeal an adverse decision to the head of the agency. *Id.* § 552(a)(6)(A).

13.     Congress has specified certain limited instances in which federal agencies may extend this twenty-working-day deadline. First, an agency may toll the deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii). Second, in "unusual circumstances" an agency may extend the deadline no more than ten additional working days by providing written notice to the requester that sets forth the circumstances justifying the extension. *Id.* § 552(a)(6)(B)(i).

14.     FOIA requires that a determination under 5 U.S.C. § 552(a)(6)(A) "must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility and Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

15.     For a determination to trigger the administrative exhaustion requirement, the agency must at least "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.* at 188.

16.     If the agency fails to respond within the applicable time limit, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

17.     Such constructive exhaustion[1] "allows immediate recourse to the courts to compel the agency's response to a FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62, 64 (D.C. Cir. 1990).

18.     The court "then has the authority to oversee and supervise the agency's progress in responding to the request." *Seavey v. DOJ*, Case No. 15–1303, 2017 WL 3112816, at *2 (D.D.C. July 20, 2017) (citing *Citizens for Responsibility and Ethics in Wash.*, 711 F.3d at 189); *see also Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (a court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

19.     FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D).

20.     With regard to production of responsive records, "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *Citizens for Responsibility and Ethics in Wash.*, 711 F.3d at 188 (citing 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)).

21.     In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions. 5 U.S.C. § 552(b). These exemptions must be "construed narrowly in keeping with FOIA's presumption in favor of disclosure." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010).

---

[1] "Constructive exhaustion is determined by the actions (or lack thereof) an agency has taken by the time a suit is filed in the district court." *Wisdom v. U.S. Tr. Program*, 232 F. Supp. 3d 97, 113 (D.D.C. 2017) (citing *Oglesby*, 920 F.2d at 64).

22.     FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester. 5 U.S.C. § 552(a)(4)(B).

23.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

24.     In addition, FOIA provides a waiver for fees associated with the procurement of documents subject to FOIA requests. Such fee waivers are granted "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii).

25.     Finally, FOIA requires that the agency provide "information about the status of a request . . . including . . . an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

## V.     FACTUAL BACKGROUND

26.     CFS, through its pollinators and pesticides program, works to protect public health and the environment from the impacts of industrial pesticide use. CFS has a long history of promoting greater oversight concerning the environmental and agricultural impacts of pesticide use, particularly regarding those that harm pollinator species, like neonicotinoids.

27.     On July 28, 2021, CFS submitted a FOIA request to EPA, seeking "[a]ll records relating to crop seeds treated or coated with any of the following chemicals: acetamiprid, clothianidin, imidacloprid, or thiamethoxam" since January 1, 2017. Specifically, CFS was looking for documents related to the following subtopics: 1. The implementation or interpretation of the

Treated Article Exemption, 40 C.F.R. §152.25(a), with regard to its application to crop seeds treated or coated with neonicotinoids; 2. Any determination that neonicotinoid-coated crop seeds are or are not subject to regulation as pesticides under the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. § 136et seq., (FIFRA); 3. Any agency determination that neonicotinoid-coated crop seeds as a class or as a whole do or do not cause unreasonable adverse effects on the environment; 4. Any pesticide registrant, applicant for registration, or potential applicant for registration, or with any other persons or entities regarding the application or scope of the Treated Article Exemption with respect to neonicotinoid-coated crop seeds; and 5. Inspections or investigation of incidents involving treated seeds, particularly neonicotinoid treated seeds, and reported bee kills incidents.

28.    CFS explained that release of the requested records was in the public's best interest because disclosure would significantly contribute to public understanding of the operations or activities of government, and because obtaining the information was of no commercial interest to CFS.

29.    On July 28, 2021, EPA sent CFS an auto-acknowledgement email with a tracking number for the request (EPA-2021-005731).

30.    An initial determination on the July 28 FOIA Request was due by August 26, 2021, twenty working days after the date CFS submitted the request.

31.    On July 29, 2021, EPA emailed CFS acknowledging the request and explaining that the request was assigned for processing, but not providing an initial determination under 5 U.S.C. § 552(a)(6)(A).

32.     On August 4, 2021, CFS met with EPA to discuss its open FOIA requests, including the July 28 request. EPA requested that CFS consolidate the July 28 request with an earlier coated seed request, 2017-EPA-001753. CFS agreed to consolidate the two requests.

33.     On September 15, 2021, CFS followed up with EPA to confirm which tracking number should be used for the consolidated requests. CFS received no response and followed up again on September 28, 2021.

34.     EPA replied confirming the tracking number on September 29, 2021. EPA stated that the agency would provide updates "as they become available."

35.     Over four months have passed since EPA logged in the July 28, 2021 FOIA Request, yet EPA has not provided an initial determination in response to the July 28, 2021 FOIA Request, supplied an estimated date of completion, or produced any responsive records. EPA has moreover not produced any further records for the older request consolidated with the July 28 request.

36.     As of the date of this complaint, CFS has received no further communications from EPA.

37.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that responsive to the July 28 FOIA Request.

38.     CFS has been required to expend resources to prosecute this action.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Defendant Failed to Comply with FOIA's Mandatory Determination Deadline

39.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

40. EPA violated FOIA by failing to make a determination on CFS's July 28 FOIA Request. 5 U.S.C. § 552(a)(6).

41. CFS has a statutory right to receive a determination within the congressionally-mandated deadline of twenty working days. *Id.*

42. To date—over four months since CFS filed the July 28 FOIA Request—EPA has not provided a determination, notwithstanding the requirement of 5 U.S.C. § 552(a)(6)(A) of an agency response within twenty working days detailing the scope of the records the agency intends to produce and withhold, the reasons for making that determination, and an explanation of the process by which a requester can administratively appeal that determination.

43. EPA's failure to make an initial determination with regard to the July 28 FOIA Request, thus unlawfully delaying its response beyond the deadline that FOIA mandates, has prejudiced CFS's ability to timely obtain public records. *Id.* § 552(a)(6)(A)(i).

44. As such, CFS has exhausted the applicable administrative remedies with respect to the July 28 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

45. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

46. CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

47. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

<u>SECOND CAUSE OF ACTION</u>
<u>Defendant Failed to Conduct an Adequate Search for Responsive Records</u>

48.      The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

49.      EPA violated FOIA by failing to conduct an adequate search for responsive records pursuant to 5 U.S.C. § 552(a)(3)(C)-(D).

50.      CFS has a statutory right to have EPA process its July 28 FOIA Request in a manner that complies with FOIA. *Id.*

51.      EPA violated CFS's right when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the July 28 FOIA Request, thus prejudicing CFS's ability to timely obtain public records.

52.      CFS has exhausted the applicable administrative remedies with respect to the July 28 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

53.      Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

54.      CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

55.      Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

<u>THIRD CAUSE OF ACTION</u>
<u>Defendant Unlawfully Withheld All Responsive Records</u>

56.      The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

57.     EPA violated FOIA by failing to promptly disclose records that are responsive to CFS's July 28 FOIA Request. 5 U.S.C. § 552(a)(4)(B).

58.     CFS has a statutory right to the records it seeks, and there are no applicable exemptions under FOIA that provide a legal basis for EPA to withhold these records from CFS. *See id.* § 552(b)(1)-(9).

59.     To date, EPA has not provided any records requested by CFS in the July 28 FOIA Request, notwithstanding the requirement of 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(C) to make agency records "promptly available."

60.     As such, EPA is wrongfully withholding disclosure of information sought by CFS, information to which it is entitled and for which no valid disclosure exemption has been claimed. EPA's unlawful withholding prejudices CFS's ability to timely obtain public records.

61.     CFS has exhausted the applicable administrative remedies with respect to the July 28 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

62.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

63.     CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

64.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

### FOURTH CAUSE OF ACTION
### Defendant Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

65.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

66.     EPA violated FOIA by failing to take reasonable steps to segregate and release

nonexempt portions of lawfully exempt records in response to the July 28 FOIA Request. 5 U.S.C.

§ 552(a)(8)(A)(ii)(II).

67.     CFS has a statutory right to any reasonably segregable portion of a record that

contains information that is subject to any of FOIA's exemptions. *Id.*

68.     To date, EPA has failed to disclose any records to CFS, including nonexempt

information that could be reasonably segregated and released in response to the July 28 FOIA

Request, thus prejudicing CFS's ability to timely obtain public records.

69.     CFS has exhausted the applicable administrative remedies with respect to the July

28 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

70.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to

employ FOIA's provisions in record requests to EPA in the foreseeable future.

71.     CFS's organizational activities will be adversely affected if EPA continues to violate

FOIA by failing to disclose responsive records as it has in this case.

72.     Unless enjoined and made subject to a declaration of CFS's legal rights by this

Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

**FIFTH CAUSE OF ACTION**
**Defendant Failed to Provide an Estimated Date of Completion as Required by FOIA**

73.     The allegations made in all preceding paragraphs are realleged and incorporated by

reference herein.

74.     EPA violated FOIA by failing to provide CFS with an estimated date of completion

as required by 5 U.S.C. § 552(a)(7)(A)-(B).

75. CFS has a statutory right to have EPA process its July 28 FOIA Request in a manner which complies with FOIA. EPA has violated Plaintiff's rights in this regard by its failure to provide—by any means—an estimated completion date for its response to the July 28 FOIA Request as required by FOIA. 5 U.S.C. § 552(a)(7)(A)-(B).

76. EPA's failure to inform CFS of an estimated completion date for the July 28 FOIA Request has prejudiced CFS's ability to timely obtain public records.

77. CFS has exhausted the applicable administrative remedies with respect to the July 28 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

78. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

79. CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

80. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order Defendant to provide a lawful initial determination on Plaintiff's FOIA request as required by FOIA by a date certain;

2. Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's July 28 FOIA Request with the cut-off date for searches being the date the searches are conducted, and to provide to Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3.      Declare that Defendant unlawfully failed to make and communicate an initial determination on Plaintiff's July 28 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

4.      Declare that Defendant unlawfully failed to undertake a search and disclosure of all records responsive to Plaintiff's July 28 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

5.      Declare that Defendant unlawfully failed to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption as required by 5 U.S.C. § 552(a)(7)(b).

6.      Declare that Defendant unlawfully failed to provide Plaintiff with an estimated date of completion as to the search and production of Plaintiff's July 28 FOIA Request as required by 5 U.S.C. § 552(a)(7)(B)(ii).

7.      Provide for expeditious proceedings in this action.

8.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

9.      Grant such other relief as the Court may deem appropriate.


Dated this 7th day of December, 2021.

Respectfully submitted,

CENTER FOR FOOD SAFETY,

/s/ Amy van Saun
Amy van Saun (OR0020)
Center for Food Safety
2009 NE Alberta Street, Suite 207
Portland, Oregon 97211
(585) 747-0151
Email: avansaun@centerforfoodsafety.org

*Counsel for Plaintiff*


COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF                    15